UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRYANT J. JOHNSON,
    Plaintiff,

vs.

HAMILTON COUNTY JUSTICE
CENTER, et al.,
    Defendants.

Case No. 1:19-cv-005

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, and former prisoner at the Hamilton County Justice Center,[1] brings this pro se civil rights action, which the Court construes as filed pursuant to 42 U.S.C. § 1983,[2] against the Hamilton County Justice Center, "NaphCare Medical Department," Hamilton County Sheriff Jim Neil, "Lt. B. Buchanan," "Deputy P. Krone," "Deputy A. Meyers," "Doctor Curtis Everson," "RN-Nurse Darlene," "RN-Nurse Adrian Roseman," and "RN-Nurse Karren Rhodes." (Docs. 1, 4). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint, as supplemented,[3] to determine whether the complaint, or any portion of it, should be dismissed

---

[1] When plaintiff initiated this action, he was a prisoner at the Hamilton County Justice Center. On March 20, 2018, plaintiff filed a supplemental amended complaint, indicating that he is no longer a prisoner. (*See* Doc. 4, at PageID 23). Further, on February 26, 2019, mail was returned to the Court from the Hamilton County Justice Center marked "Inmate Released." (*See* Doc. 5).

[2] *See Jordan v. Moore*, No. 99-3489, 2000 WL 145368, at *1 (6th Cir. Feb. 2, 2000) (noting that "the district court properly construed the complaint as filed under 42 U.S.C. § 1983 as this circuit does not recognize direct constitutional claims against local officials and municipalities"). *See also Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).

[3] On February 20, 2019, plaintiff filed a new complaint. (Doc. 4). Because the new complaint refers to the initial complaint (*see* Doc. 4, at PageID 27), the Count understands the new complaint to be a supplemental amended complaint that adds new claims and defendants to the lawsuit. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (permitting a district court to allow a plaintiff to amend a complaint even when the complaint is subject to dismissal). The **CLERK OF COURT** is **DIRECTED** to update the Docket Sheet in this case to reflect the defendants named in supplemental amended complaint (Doc. 4) and to reflect plaintiff's new address (Doc. 4, at PageID 23). (*See supra* n.1).

because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

## I.  Screening of Complaint

### A.  Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a

2

claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint

Plaintiff alleges that from November 2018 to January 2019 at the Hamilton County Jail, he was denied Kosher meals and emergency medical attention, "neglected [and] left to die in a cell while [his] blood pressure was up," and "left to starve." (Doc. 4, at PageID 27).

Although plaintiff's claims are largely conclusory, he alleges the following facts in support of his claim that he was neglected and left to die in a cell while his blood pressure was up. Plaintiff asserts that on December 24, 2018, he called the sally port at 7:30 p.m. complaining that his head was hurting, that he was seeing "colorful spots," and that he was short of breath. (Doc. 1. at PageID 2). He alleges that defendant Meyers told him to wait until "med pass" to get checked. (*Id*.). Plaintiff claims that at 8:05 p.m. med pass arrived and defendant Rhodes took his blood pressure four times. (*Id*.). According to plaintiff, Rhodes saw that his blood pressure was high and told him that she would call him down to medical as soon as she finished med pass. (*Id*.). Plaintiff claims that, when Rhodes did not call him down to medical, he again called the sally port, but it took Meyers five to ten minutes to respond. (*Id.*). Meyers allegedly told plaintiff that Meyers had to contact Rhodes, and plaintiff instead said to call any nurse and to "get a rover to take [him] down." (*Id.*). According to plaintiff, he waited until the shift was about to change and then called again. (*Id*.). Plaintiff claims that defendant Krone told plaintiff to fill out a nurse-sick-call slip and wait for a response. (*Id*.). Krone also purportedly gave plaintiff a grievance form, saying that was all she would do. (*Id*. at PageID 2-3). Plaintiff apparently did not receive any further treatment for the remainder of the evening. (*Id*. at PageID 3). However, plaintiff alleges that "the very next day [he] felt better after sleep, symptoms went down." (*Id*.). He further alleges that he was never called down to medical and that, when he

4

filed a grievance, he did not receive a response. (*Id.*).

Plaintiff also conclusorily states that he was denied a procedure he needed to swallow, daily blood pressure checks, diabetes finger sticks, and "off and on breathing treatments." (*Id.* at PageID 1). He claims without factual elaboration that his weight went from 154 pounds to 120 pounds. (*Id.*).

For relief, plaintiff seeks "4,000,000,000.00 for the violat[ion] of [his] civil rights and medical malpractice," "4,000,000,000.00 for [his] pain [and] suffering," and disciplinary action for the defendants. (Doc. 4, at PageID 28).

**C.      Analysis**

Plaintiff's federal claims are subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court.

First, plaintiff's claims against the Hamilton County Justice Center are subject to dismissal. To prove his claim under § 1983, plaintiff must assert that "a person" acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. A county jail is not a "person" within the meaning of § 1983. *See, e.g.*, *Marbry v. Corr. Med. Services*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *Aladimi v. Hamilton Cty. Justice Ctr.*, No. 1:09cv398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) (Barrett, J.).

Next, plaintiff's claims against Sheriff Neil, "Lt. Buchanan," "Doctor Curtis Everson," "RN-Nurse Darlene," and "RN-Nurse Adrian Roseman" are subject to dismissal for failure to allege personal involvement in the activities which form the basis of the alleged

5

unconstitutional behavior. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"). Further, supervisory officials and employees cannot be held liable under § 1983 solely on the basis of *respondeat superior* or on the basis that they failed to remedy a subordinate's unconstitutional conduct. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Plaintiff's claims against defendants Meyers, Rhodes, and Krone are also subject to dismissal. "[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). However, complaints of malpractice or negligence are insufficient to establish deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). A prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id*. at 107. Further, where the prisoner has received some medical treatment and disputes the adequacy of the treatment, the federal courts are reluctant to second-guess prison officials' medical judgment and to constitutionalize claims which sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff acknowledges that Meyers, Rhodes, and Krone responded to his complaints on December 24, 2018, and that Rhodes provided treatment for his complaints. While plaintiff disputes the adequacy of the medical treatment that he received on that date, such

6

allegations are insufficient to state a federal claim. *Estelle*, 429 U.S. at 105-06. Indeed, even with the challenged care that he received, plaintiff acknowledges that he felt better the next morning.

Finally, to the extent that plaintiff alleges that he was denied swallowing and breathing treatments and lost over thirty pounds, his conclusory allegations are insufficient for the Court to decipher that his constitutional rights were violated by any of the defendants. *See Twombly*, 550 U.S. at 557. Plaintiff has not alleged that any defendant denied plaintiff food or how any defendant was deliberately indifferent to any of plaintiff's medical needs. *See Richmond*, 885 F.3d at 937.

Nor has plaintiff stated a claim against defendant NaphCare Medical Department. "A private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (citing *West v. Akins*, 487 U.S. 42, 54 (1988)), *abrogated on other grounds by Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545 (6th Cir. 2014). However, a private entity cannot be held vicariously liable for the actions of its agents. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (explaining that the holding of *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978), has been extended to cover private corporations). Therefore, a plaintiff must (1) identify a policy or custom; (2) connect the policy or custom to the private entity; and (3) show that executing that policy amounted to deliberate indifference to the plaintiff's illness. *Jones v. Corr. Med. Servs., Inc.*, 845 F.Supp.2d 824, 835 (W.D. Mich. 2012) (citing *Garner v. Memphis Police Dep't.*, 8 F.3d 358, 364 (6th Cir. 1993)); *see also Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir.

2005) (explaining that a private entity is only liable for a policy or custom of that private entity, rather than a policy or custom of a municipality). Plaintiff has not identified a policy or custom of NaphCare which amounted to deliberate indifference to his alleged medical conditions.

Plaintiff's claim that he was denied Kosher meals should also be dismissed. Plaintiff merely alleges without elaboration that he "need[s] Kosher trays." (Doc. 1, at PageID 1). Inmates retain the First Amendment right to exercise their religion subject to reasonable restrictions and limitations. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Bell v. Wolfish*, 441 U.S. 520, 549-51 (1979). However, "[a] prisoner alleging that the actions of prison officials violate his religious beliefs must show that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.'" *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)). Because plaintiff has failed to allege facts showing that his sincerely held religious belief require him to consume only Kosher food, he has failed to state a constitutional violation. *See id.*

Further, plaintiff cannot state a claim based on allegations that grievances he filed were ignored. Plaintiff has no constitutional right to an effective grievance procedure. *See Walker v. Mich. Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003). Thus, any claim regarding defendants' alleged failure to respond to his grievances should be dismissed.

Accordingly, in sum, plaintiff's federal claims should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) because plaintiff has failed to state a claim upon which relief may be granted against any of the named defendants. Because plaintiff's federal claims should be dismissed, the Court no longer has original jurisdiction and should decline to exercise supplemental jurisdiction

over any pendant state-law claims.  *See* 28 U.S.C. § 1367(c)(3).  Accordingly, any state law claims should be dismissed without prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's federal claims be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

2.  The Court decline to exercise pendent jurisdiction over any state-law claims asserted by plaintiff and **DISMISS** such claims **without prejudice** to refiling in state court.

3.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

> *s/Stephanie K. Bowman*
> Stephanie K. Bowman
> United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRYANT J. JOHNSON,<br>    Plaintiff,<br><br>        vs.<br><br>HAMILTON COUNTY JUSTICE<br>CENTER, et al.,<br>    Defendants. | Case No. 1:19-cv-005<br><br>Dlott, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).